IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-289-M-KS-16

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| JONATHAN MICHAEL ROBARGE, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the United States' motion to re-open the issue of Defendant Jonathan Robarge's ("Robarge" or "defendant") detention and to release Robarge on conditions [DE 400]. Robarge joins in the government's request. *Id.* at 2.

Based on the government's motion, the court finds that information now exists that was not known to the government at the time of the detention hearing and that information has a material bearing on the issue of whether there are conditions of release that will reasonably assure Robarge's appearance and the safety of other persons and the community.

Accordingly, the United States' motion is GRANTED. Robarge is released pending trial on his personal recognizance under the following conditions:

1. The defendant must submit to supervision by and report for supervision to the United States Probation Office. Defendant shall report within twenty-four (24) hours of release.

2. The defendant must surrender any passport to the United States Probation Office.

3. The defendant must not obtain a passport or other international travel document.

4. The defendant must abide by the following restrictions on personal associations, residence, and travel only within the Eastern District of North Carolina.

5. The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including all co-Defendants, victims, and known witnesses.

6. The defendant shall abide by all conditions and terms of the home confinement program while on pretrial release. The defendant shall be restricted to his residence at all times except for religious services, medical needs or treatment, and court appearances pre-approved by the probation officer. The defendant shall submit to Radio Frequency (RF) or Global Positioning Satellite (GPS) monitoring and abide by all program requirements, instructions and procedures provided by the supervising probation officer. The defendant shall pay for location monitoring services as directed by the probation officer.

7. The defendant must report as soon as possible, to the probation office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

8. The defendant must not possess a firearm, destructive device, or other weapon.

9. The defendant is placed in the custody of third-party custodian, Amy Robarge, who will agree, in writing, to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the probation office and the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

SO ORDERED this 23d day of July, 2025.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE